UNITED STATES DISTRICT COURT
FILED
OCT - 2 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JUAN RAMOS,

Plaintiff,

v.

24-CV-50 (JLS)

FIVE POINTS CORRECTIONAL FACILITY; ANNE L. FORDHAM; JOHN DOE,[1]

Defendants.

## DECISION AND ORDER

*Pro se* plaintiff Juan Ramos, who is incarcerated at the Five Points Correctional Facility, filed this action seeking relief under 42 U.S.C. § 1983. Dkt. 1. The Court granted Ramos permission to proceed *in forma pauperis* and screened his complaint. Dkt. 5. In that decision and order, the Court permitted Ramos's excessive force claim to proceed and granted him leave to amend his retaliation claim. *Id.* at 11–12. Later, the Court appointed counsel to assist Ramos in drafting his amended complaint. Dkt. 7. Counsel filed an amended complaint, Dkt. 10, and, with his appointment concluded, withdrew from the case, Dkt. 11; Dkt. 12. For the below reasons, the amended complaint will proceed to service upon Anne L. Fordham and John Doe. Claims against Five Points and the state law claims are dismissed.

[1] The Clerk of the Court is respectfully requested to add John Doe to the docket.

### A. State Law Claims

New York Correction Law § 24 divests federal district courts of subject-matter jurisdiction over state law claims for money damages that are asserted against Department of Corrections and Community Supervision ("DOCCS") employees who were acting in the scope of their employment when the alleged violation occurred. Section 24 "mandate[s] that state law claims for damages for acts or omissions committed by DOCCS employees within the scope of their employment be brought exclusively in the New York Court of Claims as claims against New York State." *DeMeo v. Koenigsmann*, No. 11 CIV. 7099 HBP, 2015 WL 1283660, at *18 (S.D.N.Y. Mar. 20, 2015); *accord Flint v. Jun*, 541 F. Supp. 3d 284, 288 (W.D.N.Y. 2021) (collecting cases).

The allegations in the amended complaint do not suggest that any Defendant acted outside the scope of employment in the conduct alleged. Thus, to the extent Ramos asserts violations of state law, such claims are dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), but without prejudice to litigation in state court.

### B. Fordham

Having screened the amended complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court finds it asserts colorable claims of excessive force and retaliation and will be served upon Fordham in her individual capacity. *See Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) ("Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer."); *Pino*

*v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (dismissal under Federal Rule of Civil Procedure 12(b)(6) still may be appropriate notwithstanding a court's earlier finding that the complaint was not "frivolous" for purposes of Section 1915(e)(2)).

Because Ramos seeks only monetary relief, the claims against Fordham in her official capacity are dismissed under the Eleventh Amendment. *See Kentucky v. Graham,* 473 U.S. 159, 167 n.14 (1985); *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990); *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

**C. Five Points**

To the extent the amended complaint could be read to assert Section 1983 claims against Five Points, such claims are dismissed because Five Points is immune from suit in federal court under the Eleventh Amendment. *See Shepherd v. Nandalawaya*, 613 F. Supp. 3d 703, 711 (W.D.N.Y. 2020) (dismissing correctional facility as defendant because, as official arms of the state, DOCCS facilities "enjoy[] the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself"); *Turner v. Riverhead Corr. Facility*, No. 18-CV-5235 (JMA)(AKT), 2019 WL 2571155, at *3 (E.D.N.Y. June 20, 2019) (dismissing claims against Five Points under the Eleventh Amendment).

**D. Medical Care**

Ramos's original complaint alleged that he had been told that surgery for his eye injury had been "approved [and] will be conducted within the next [six] months." Dkt. 1, at 8 (signed Jan. 3, 2024). Because the allegations suggested that

Ramos was receiving care for his eye injury, the Court did not construe the complaint as asserting an Eighth Amendment claim for deliberate indifference to a serious medical need. Ramos now alleges that he is still waiting for the surgery. Dkt. 10, at 2 (filed Oct. 31, 2025).

The allegations in the original complaint, together with the allegations in the amended complaint, allege a sufficient inadequate medical care claim to proceed to service, but the Court cannot identify the defendant or defendants to this claim with any certainty. Because Ramos is now proceeding *pro se*, the Court lists John Doe in the caption as the medical provider defendant, and will enter a *Valentin* order to assist Ramos in learning the name(s) of the medical provider(s) who allegedly delayed or denied medical care for his eye injury.

**ORDER**

IT HEREBY IS ORDERED that the claims against Five Points Correctional Facility are dismissed without leave to amend; the Clerk of the Court is directed to terminate Five Points Correctional Facility from this action; and it is further

ORDERED that Ramos's claims against Anne L. Fordham in her official capacity are dismissed without leave to amend; and it is further

ORDERED that the state law claims are dismissed without leave to amend but without prejudice to litigation in state court; and it is further

ORDERED that Ramos's amended complaint shall be served upon Anne L. Fordham and John Doe; the Clerk of the Court is directed to add John Doe to the docket; and it is further

ORDERED that the Clerk of the Court is directed to forward a copy of this decision and order, the original complaint (Dkt. 1), and the amended complaint (Dkt. 10) by email to Christopher L. Boyd, Assistant Attorney General in Charge, Buffalo Regional Office, at Christopher.Boyd@ag.ny.gov; and it is further

ORDERED that, pursuant to *Valentin v. Dinkins,* 121 F.3d 72 (2d Cir. 1997), the Court requests that the New York State Attorney General, Buffalo Regional Office ("Attorney General") ascertain the identity of the individual or individuals at Five Points Correctional Facility responsible for Ramos's eye care and surgery from June 6, 2023 until the present.[2] The Attorney General shall provide to the court the full names, with correct spelling, and last known service addresses for these individuals. The Attorney General need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which Ramos may properly serve Defendants, as instructed by the Second Circuit in *Valentin*; and it is further

ORDERED that the Attorney General shall return the names and last known service addresses of the Doe Defendants by **November 2, 2026**, by mail to the *Pro Se* Litigation Unit, United States District Court, 2 Niagara Square, Buffalo, NY 14202. Should the *Valentin* response return personally identifiable information

[2] Ramos alleges that on June 6, 2023, he was struck in the right eye with an eraser. He sought medical treatment, was told he required surgery to repair the damage to his right eye, and was told the surgery was scheduled. But as of October 31, 2025, he had not received surgical care. Dkt. 10, at 2. Information in the original complaint may help in identifying the responsible medical provider. *See* Dkt. 1, at 4, 15–18.

such as a home address, that contact information shall be given to the Marshals Service solely for the purpose of effecting service; this information will otherwise remain confidential; and it is further

ORDERED that, once the Court receives Defendants' names and service addresses, the complaint shall be deemed amended to reflect their full names, and the Clerk of the Court shall update the docket sheet and cause the United States Marshals Service to serve the summons, amended complaint (Dkt. 10), and this order upon Defendants, unpaid fees to be recoverable if this action terminates by monetary award in Ramos's favor; and it is further

ORDERED that, upon service, pursuant to 42 U.S.C. § 1997e(g), Defendants shall answer or otherwise respond to the complaint; and it is further

ORDERED that, pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Ramos must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

Dated: October 2, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE